# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JUSTIN J. DEES,** | ) |
| Petitioner, | ) |
| v. | ) CIVIL ACTION NO. 18-00007-JB-N |
| **CHRISTOPHER GORDY**[1] | ) |
| Respondent. | ) |

## ORDER

This matter is before the Court on the report and recommendation ("R&R") of the Magistrate Judge, filed October 26, 2018, that the subject Petition for Writ of Habeas Corpus be dismissed as time barred. (Doc. 26). Petitioner has not filed objections to the R&R. Upon review, this Court finds that the R&R is correct in all respects, including its analysis and conclusion. The R&R is adopted as the opinion of the Court, with limited revisions thereto to address matters solely as to form, as follows:

## REPORT AND RECOMMENDANTION

Petitioner, Justin Dees, an Alabama prisoner proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Docs. 2, 5, 8). Under S.D. Ala. GenLR 72.2(b), the petition has been referred to the undersigned Magistrate Judge for entry of a recommendation as to the appropriate disposition, in

---

[1] The Court corrected the docket to reflect Christopher Gordy as the properly named Respondent. Although Petitioner captioned this action against State of Alabama (Doc. 1), Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts provides that the officer having custody of the applicant shall be named as Respondent

1

accordance with 28 U.S.C. § 636(b)(1)(B)-(C), Rule 8(b) of the Rules Governing § 2254 Cases in the United States District Courts, and S.D. Ala. GenLR 72(a)(2)(R). Upon consideration, the Court **RECOMMENDS** that the petition be **DISMISSED as time barred.**

I.   Background

On July 20, 2015, Dees was convicted in Mobile County Circuit Court. (Doc. 8 at 2). Dees' petition does not state the nature of his crime, but documents submitted with the petition indicate that following a jury trial, he was convicted of murder and is currently serving a life sentence. (*See e.g.* Doc. 5 at 17).

On January 4, 2018, the Court of Appeals for the Eleventh Circuit received Dees' original § 2254 petition. (Doc. 1-2). On January 5, 2018, the Court of Appeals transmitted the filing to this Court, noting that it appeared Dees mistakenly filed his petition in the incorrect court. (Doc. 1).

Dees' petition was docketed in this Court on January 9, 2018. (Docs. 1-3). Under the "prison mailbox rule," the motion is deemed filed on the day it was signed and delivered to prison authorities for mailing. *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). Dees did not date his original petition and the post mark is unclear. (Doc. 2). However, based on the date of receipt, it appears the petition was initially filed in late December 2017 or early January 2018.[2]

---

[2] A certificate signed by a prison official, attached to Dees' application to proceed *in forma pauperis* is dated December 22, 2017. (Doc. 3 at 5). Thus, it appears December 22, 2017 is the earliest date Dees'

Dees' original petition was submitted using an incorrect form and this Court ordered Petitioner to re-file his petition on the correct form. (Doc. 4). Dees filed an amended petition but did not sign or date the petition. (Doc. 5). Pursuant to the Court's order, Dees signed, dated, and re-filed the petition. (Docs. 7-8). Doc. 8 is the operative petition in this action.

Dees' petition identifies the following grounds for relief: (1) the state trial court refused to have a hearing on his speedy trial motions, (2) he was denied his right to a speedy trial and the state trial court refused to hold an evidentiary hearing on his motions, and (3) there was a 22-month delay between Dees' indictment and trial. (Doc. 8 at 5-8). In response to Paragraph 19, entitled Timeliness of Petition, Dees states "N/A." (Doc. 8 at 10-11, ¶ 19).

According to Dees, on May 27, 2016, the Alabama Court of Criminal Appeals denied his direct appeal. (*Id*. at 3, ¶10). Dees states that he did not file a petition for rehearing, and has filed no other petitions or applications with respect to the judgment. (*Id*. at 3, ¶ 11).

On March 20, 2018, the undersigned ordered Dees to respond in order to show cause as to why his petition should not be dismissed as time barred. (Doc. 9). Dees has filed a timely response, arguing that he is entitled to the application of equitable tolling. (Doc. 10).

II. **Analysis**

---

petition may have been mailed as this document appears to have arrived in the same envelope as Dees' petition. (Doc. 1).

The Anti-Terrorism and Effective Death Penalty Act of 1996, § 101 (Supp. II 1997) ("AEDPA"), which became effective on April 24, 1996, provides that a petitioner has one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" to file a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1)(A). The statute specifically provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

According to his § 2254 petition, Dees pursued a direct appeal of his conviction, which was affirmed by the Alabama Court of Criminal Appeals on May 27, 2016. *Dees v. State*, 228 So. 3d 1042 (Ala. Crim. App. 2016). Dees did not file a petition for rehearing. (Doc. 8 at 3, ¶ 11). Because Dees declined to seek rehearing in the

4

Alabama Court of Criminal Appeals and did not apply for *certiorari* in the Alabama Supreme Court, his conviction became final on June 10, 2016, which was 14 days after the decision by the Alabama Court of Criminal Appeals affirming his conviction, when the time for filing an application for rehearing expired. At that point, Dees had no further opportunity to seek review in any state appellate court.[3] Because he did not seek *certiorari* in the Alabama Supreme Court, he could not seek *certiorari* in the United States Supreme Court. Courts in the Eleventh Circuit have held that, where the right to seek *certiorari* in the high court is forfeited because the petitioner does not properly exhaust his direct appeals in the state court of last resort,[4] the petitioner is not entitled to the 90–day period for seeking it; thus making his conviction final upon the expiration of the 14–day period affirming the conviction on direct appeal. *See Pugh v. Smith,* 465 F.3d 1295, 1300 (11th Cir.2006) (holding Georgia conviction became final 10 days after decision by Georgia Court of Appeals where defendant could seek review in the Georgia

---

[3] Pursuant to Alabama Rule of Appellate Procedure 40(d), application for rehearing in the Alabama Court of Criminal Appeals is a prerequisite to *certiorari* review in the Alabama Supreme Court for criminal cases

[4] Rule 13.1 of the Rules of the United States Supreme Court provides in part that "a petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review." This means, in essence, that no *certiorari* lies to the United States Supreme Court from a judgment of a lower state court unless discretionary review has been sought and denied in the state court of last resort. Absent application for discretionary review by the Alabama Supreme Court, a petitioner cannot seek review by the United States Supreme Court of a judgment by the Alabama Court of Criminal Appeals. *See Simon v. Giles,* 2015 WL 1292525, at *9 (M.D. Ala. Mar. 23, 2015). Because no *certiorari* jurisdiction lies to the United States Supreme Court under these circumstances, the time for direct review of his conviction expired when the time for seeking rehearing in the Alabama Court of Criminal Appeals expired. At that point, there were no other avenues of direct appeal and the conviction became final.

Supreme Court, but did not, thus precluding review by the United States Supreme Court).

Based on the contents of the petition, a determination regarding its timeliness depends on when Dees' conviction became final for purposes of triggering the one-year limitation under 28 U.S.C. § 2244(d)(1)(A). Pursuant to that section, Dees' one-year time period for filing a timely habeas petition in this Court began to run on June 10, 2016. Thus, he had until June 12, 2017 to file a timely habeas petition challenging his conviction. (June 10, 2017 was a Saturday.) The filing of the instant petition, whether in late December 2017 or early January 2018, was some six (6) months or more after the one-year limitation period expired and is therefore untimely. Despite this, Dees argues that he is entitled to tolling of the limitations period because he was not aware of the limitations period. (Doc. 10).

A. **Dees is Not Entitled to Statutory Tolling**

Once the federal statute of limitations is triggered and begins to run, it can be tolled in two ways: statutory tolling or equitable tolling. *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008). Statutory tolling arises from 28 U.S.C. § 2244(d)(2), which tolls the one-year limitation period during the pendency of "a properly filed application for State post-conviction or other collateral review" of the underlying judgment. *See also McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009). "However, the pendency of properly filed state post-conviction proceedings only *pauses* § 2244(d)(1)'s one-year clock; it does not *reset* it." *Roby v. Mitchem*, No. 11- 2197, 2012 WL 1745529 at * 3 (N.D. Ala. May 1, 2012) (citing

*Trapp v. Spencer*, 479 F.3d 53, 58-59 (1st Cir. 2007); *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003); *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)); *see McCloud*, 560 F.3d at 1227.

Dees did not file any post-conviction motions which could have ostensibly tolled the running of the statute of limitations to file a *habeas* petition. Therefore, the time for Dees to file a *habeas* petition has lapsed, he is not entitled to statutory tolling, and his petition is time-barred.

**B.  Petitioner is Not Entitled to Equitable Tolling**

Dees argues that he is entitled to the application of equitable tolling because he was unaware of the statute of limitations, and his attorney did not inform him of the need to file a petition for rehearing regarding his denied appeal. The Court of Appeals for the Eleventh Circuit has stated:

> Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik [v. United States], 177 F.3d [1269,] 1271 [(11th Cir. 1999)]. Equitable tolling is an extraordinary remedy which is typically applied sparingly. *See Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

*Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). The Court of Appeals for the Eleventh Circuit has also held:

> [M]ere attorney negligence is not a basis for equitable tolling. *Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1313 (11th Cir. 2001); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Sandvik v. United States*, 177 F.3d 1269, 1271-72 (11th Cir. 1999). Moreover, even if a prisoner shows that ["]extraordinary circumstances" occurred, the prisoner must still establish that he acted with due diligence in order to be entitled to equitable tolling. *See Helton*, 259 F.3d at 1313.

*Powe v. Culliver*, 205 F. App'x. 729, 732 (11th Cir. Sept. 19, 2006).

First, Dees has not made a showing that he has been pursuing his rights diligently. Second, Dees has failed to establish that extraordinary circumstances are present here. The Court of Appeals for the Eleventh Circuit has held that "*pro se* litigants, like all others, are deemed to know of the one-year statute of limitations." *Outler v. United States,* 485 F.3d 1273, 1282 n. 4 (11th Cir.2007) (concerning the one- year limitation period for motions by federal prisoners under 28 U.S.C. § 2255). A lack of a legal education has not been accepted as an excuse for a failure to file in a timely fashion. *See Rivers v. United States,* 416 F.3d 1319, 1323 (11th Cir.2005) (stating that "procedural ignorance [has never been accepted] as an excuse for prolonged inattention when a statute's clear policy calls for promptness") (quoting *Johnson v. United States,* 544 U.S. 295, 311, 125 S.Ct. 1571, 1582, 161 L.Ed.2d 542 (2005)).

"To the extent that [Dees] contends that his counsel was negligent in misadvising him, [the Court of Appeals has held] that 'attorney negligence, however gross or egregious, does not qualify as an 'extraordinary circumstance' for purposes of equitable tolling.'" *Spears v. Warden*, 605 F. App'x 900, 904 (11th Cir. 2015)[5] (citing *Cadet v. Fla. Dep't of Corr.,* 742 F.3d 473, 481 (11th Cir.2014) (internal quotations omitted)). "Therefore, even assuming that [Dees'] attorney was negligent, equitable tolling would not be warranted on that basis." *Id*.

---

[5] The undersigned acknowledges that unpublished opinions are persuasive rather than binding authority.

As Dees has failed to establish both diligence and extraordinary circumstances, he is not entitled to equitable tolling.

### C. Dees Has Not Made a Showing of Actual Innocence

There is also an "actual innocence" exception to the AEDPA statute of limitations. *McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013). The *McQuiggin* Court "caution[ed], however, that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id* at. 1928 (quoting *Schlup v. Delo*, 513 U.S. 298, at 329 (1995)). *See also Gore v. Crews*, 720 F.3d 811, 817 (11th Cir. 2013) ("*McQuiggin* . . . hold[s] that there is an 'equitable exception' to the statute of limitations applicable to habeas claims, 28 U.S.C. § 2244(d), but only when the petitioner presents new evidence that 'shows it is more likely than not that no reasonable juror would have convicted the petitioner.' *Id*. at 1931, 1933 (alteration and quotation marks omitted).'" "The test devised in *Schlup* is intended to 'ensure[ ] that [the] petitioner's case is truly extraordinary, while still provide petitioner a meaningful avenue by which to avoid a manifest injustice.'" *Brown v. Sec'y, Fla. Dep't of Corr.*, 580 F. App'x. 721, 727 (11th Cir. 2014) (per curiam) (unpublished) (citing *Schlup*, 513 U.S. at 327, 115 S. Ct. at 867 (internal quotation marks and citation omitted)).

In the instant case, Dees has not asserted that he is actually innocent, such that his petition is not time barred. Accordingly, he is not entitled to application

of the exception. His petition is time barred.

## III. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the undersigned **RECOMMENDS** that a certificate of appealability in this case be **DENIED**. 28 U.S.C. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claim, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (citations omitted and punctuation modified)). In the present

action, Dees' habeas petition is unquestionably time-barred under AEDPA, and he has indisputably failed to demonstrate either entitlement to equitable tolling of the statute of limitations or actual innocence excusing the expiration of the statute of limitations.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by petitioner, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *See, e.g.*, *Brightwell v. Patterson*, No. CA 11-0165-WS-C, 2011 WL 1930676, at *6 (S.D. Ala. Apr. 11, 2011), *report & recommendation adopted*, 2011 WL 1930662 (S.D. Ala. May 19, 2011)[6]; *Griffin v. DeRosa*, No. 3:10cv342/RV/MD, 2010 WL 3943702, at *4 (N.D. Fla. Sep. 20, 2010) (providing for same procedure), *report & recommendation adopted sub nom. Griffin v. Butterworth*, 2010 W: 3943699 (N.D. Oct. 5, 2010).

IV. **Appeal *In Forma Pauperis***

"An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). A district court's finding "that an appeal would not be in good faith because no certificate of appealability had been issued . . . is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining

---

[6] It should be noted that in the proceeding, the Eleventh Circuit (Judge Hull) also denied the petitioner's motion for certificate of appealability on October 11, 2011. (*See* Doc. 14 in CA-11-0165-WS-C)

whether an appeal is in good faith. It is more demanding . . . [T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631-32 (7th Cir. 2000). In other words,

> [a] party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States,* 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir. 1991).

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859-60 (11th Cir. 2008) (per curiam) (unpublished).

Considering the foregoing analysis, the Court finds that any appeal by Dees in this action would be without merit and therefore not taken in good faith, such that he is not entitled to appeal *in forma pauperis*.[7]

**V.   Conclusion**

In accordance with the foregoing analysis, the Court finds and orders that

---

[7] The petitioner may file a motion to proceed on appeal *in forma pauperis* with the Eleventh Circuit Court of Appeals in accordance with Federal Rule of Appellate Procedure 24(a)(5).

Dees' Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 8) is due to be and is hereby **DISMISSED with prejudice** as time-barred, that final judgment be entered accordingly in favor of the Respondent, and that Dees is not entitled to either a Certificate of Appealability or to appeal *in forma pauperis*.

**DONE and ORDERED** this 17th day of January, 2019.

s/JEFFREY U. BEAVERSTOCK
UNITED STATES DISTRICT JUDGE